EUGENE G. IREDALE, ESQ. (SBN: 75292)
JULIA YOO, ESQ. (SBN: 231163)
IREDALE and YOO, APC
105 West "F" Street, 4th Floor
San Diego, California  92101-6036
TEL: (619) 233-1525
FAX: (619) 233-3221

Attorneys for plaintiff LEE LACY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE LACY, an individual<br><br>         Plaintiff,<br><br>v.<br><br>ELIZABETH PALMER, RANDALL RIBADA, R. PATRON, #7552, C. SNODGRASS, #0079, M. ALVARADO, #1067, D. MORSE, #9864, GREG BARNETT, WILLIAM DONOHUE, WILLIAM GORE, COUNTY OF SAN DIEGO, and DOES 1-20 inclusive,<br><br>         Defendants. | Case No.  **'12CV0624 MMA JMA**<br><br>**COMPLAINT FOR:**<br><br>(1)  VIOLATION OF 42 U.S.C. 1983 EXCESSIVE FORCE (4th Amendment)<br><br>(2)  FAILURE TO TRAIN<br><br>(3)  FAILURE TO SUPERVISE AND DISCIPLINE<br><br>(4)  FAILURE TO INVESTIGATE<br><br>(5)  *MONELL* LIABILITY FAILURE TO PROPERLY SUPERVISE, INVESTIGATE AND DISCIPLINE<br><br>JURY TRIAL IS HEREBY DEMANDED |

1

COMES NOW, Plaintiff, by and through his attorneys of record, and alleges and complains as follows:

## I.
## GENERAL ALLEGATIONS

1. Jurisdiction is founded upon the existence of a federal question, pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of California.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in Chula Vista, California.

4. At all times relevant to this complaint, Plaintiff was an individual residing in San Diego County, California.

5. At some times relevant to this complaint, Defendants ELIZABETH PALMER, RANDALL RIBADA, R. PATRON, C. SNODGRASS, M. ALVARADO, D. MORSE were deputy sheriffs and agents of the COUNTY OF SAN DIEGO.

6. At some times relevant to this complaint, Defendant GREG BARNET was a lieutenant with the San Diego Sheriff's Department, and was the supervisor of Defendants PALMER, RANDALL RIBADA, R. PATRON, C. SNODGRASS, M. ALVARADO, D. MORSE. These defendants were agents of the COUNTY OF SAN DIEGO.

7. At some times relevant to this complaint, Defendant WILLIAM DONAHUE was a lieutenant with the Internal Affairs Unit and an agent of the COUNTY OF SAN DIEGO.

8. At some times relevant to this complaint, Defendant WILLIAM GORE was the sheriff of San Diego and a policy-maker.

9. At some times relevant to this complaint, Defendants DOES 1-20, were San

Diego sheriffs and agents of the COUNTY OF SAN DIEGO.  At some times relevant hereto, these defendants were acting in their professional capacity as San Diego sheriffs and at other times they were working in their personal capacity as individuals outside the scope of their employment.

10. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 20, inclusive, and/or are truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

11. These Defendants were agents, servants and employees of each other of the other named defendants and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named defendants and each of the defendants had approved or ratified the actions of the other defendants thereby making the currently named defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

## II.
## FACTS

12. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

13. On November 14, 2010, Lee Lacy went to the Chula Vista courthouse to have a "fix-it" ticket signed off.  The ticket was for tail lights and exhaust in his car, which he had repaired in compliance with the ticket.

14. Mr. Lacy went into the Sheriff's office in the courthouse to get a signature from a deputy on his ticket.

15. When Mr. Lacy was speaking with an employee at the front desk, Defendant Palmer approached Mr. Lacy and engaged him in a heated confrontation.

16. Defendant Palmer slapped her hand hard on the desk and told him that she would not sign off on Mr. Lacy's ticket.

17. Defendant Palmer was visibly angry. Palmer's face became flushed and red. She was leaning over the counter at Mr. Lacy.

18. Palmer was yelling at Mr. Lacy and screamed at him to "get the hell out of this office."

19. Mr. Lacy turned away to leave.

20. As Mr. Lacy was walking away from Palmer and walked out of the door, she continued to scream at him to leave.

21. Unbeknownst to Mr. Lacy, Defendant Ribada followed Mr. Lacy out of the Sheriff's office as he walked away.

22. As he was walking away, Defendant Ribada put his hands on Mr. Lacy's lower left back and shoved him.

23. Taken by surprise, Mr. Lacy pulled away and said "Don't touch me."

24. Defendant Ribada told Mr. Lacy "Hey, come here."

25. Mr. Lacy told him that he was going home as Defendant Palmer had just been screaming at him to get the "hell out"

26. Defendant Ribada grabbed Mr. Lacy's arm without warning.

27. Defendant Ribada, Defendant Patron and Does 1-20 attacked Mr. Lacy and took him to the floor.

28. No Defendant told him that he was under arrest.

29. Defendant Palmer knelt down and screamed at Mr. Lacy as he was laying on the floor.

30. Defendant Palmer was foaming at the mouth as she was screaming at Mr. Lacy that she would to use the Taser on him.

31. Defendants slammed Mr. Lacy's face onto the floor. They punched Mr. Lacy.

32. Defendant Ribada leaped onto Mr. Lacy who was laying on his back on the floor, attempting to body slam Mr. Lacy.

33. Mr. Lacy put up his hands to protect himself.

34. Defendant Palmer grabbed Mr. Lacy's right shoulder and wrist. Palmer pressed Mr. Lacy into the floor with her body weight on top of him.

35. Defendant deputies pulled, shoved, punched and kicked Mr. Lacy.

36. Defendant Snodgrass shoved Mr. Lacy's head into the floor. Snodgrass put his weight on the back of Mr. Lacy's head and shoved it into the ground.

37. Defendant Alvarado held down Mr. Lacy's legs. He punched Mr. Lacy's calf.

38. Defendant Patron placed her body weight on top of Mr. Lacy as he was laying on the floor, making it impossible for Mr. Lacy to comply with the other deputies' instructions to turn his body over.

39. Defendant Morse used pressure point on Mr. Lacy's right ear, causing him great pain, and pulled on Mr. Lacy's arm.

40. Lee Lacy did not resist arrest.

41. Mr. Lacy suffered injuries to his face, head and ribs. He was bleeding on himself from the laceration to his face.

42. Mr. Lacy was taken to Scripps hospital.

43. Mr. Lacy received stitches on his face. His eyes were swollen.

44. Mr. Lacy's arm and wrist were purple with bruising.

45. After Mr. Lacy was brought back from Scripps Hospital, one of the deputies told him "you're going down, homeboy."

46. When Mr. Lacy was speaking to Defendant Ribada, defendant Palmer approached and told Mr. Lacy to "shut the fuck up."

47. Defendants charged Mr. Lacy with four criminal charges.

48. Defendant Ribada filed a report that was rife with inaccuracies and false statements to justify the use of force on Mr. Lacy.

49. Mr. Lacy filed a complaint with the Internal Affairs, requesting an investigation.

50. Defendant Donahue notified Mr. Lacy that an investigation had been conducted and it resulted in the "Disposition of Unfounded."

51. There had been no "investigation" by Internal Affairs.

52. There had been multiple complaints against Defendant Palmer for excessive force, harassment, and anger management problems, but the Sheriff had taken no corrective action.

**III**
**FIRST CAUSE OF ACTION**
**(Civil Rights Action (42 U.S.C. § 1983)**
**Excessive Force under the Fourth Amendment Against Defendants PALMER, RIBADA, PATRON, SNODGRAS, ALVARADO, MORSE and Does 1 to 20**

53. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

54. 42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit at equity or other proper proceeding for redress.

55. Plaintiff, Mr. Lacy, had a firmly established right under the Fourth Amendment to be free from unreasonable and excessive force being used against him to effect an arrest, search or seizure.

56. On November 14, 2010, Lee Lacy was walking away from the Sheriff's office as he had been instructed to do and posed no threat to anyone when defendant officers shoved him, took him down forcibly, twisted his arms, threatened to Tasered him, kicked and punched him.

57. There was no need for any use of force because Mr. Lacy was walking away and minding his own business.

58. Mr. Lacy had broken no laws.

59. The use of the force in taking Mr. Lacy down was unreasonable and excessive.

60. No defendant attempted to intervene stop the others from using excessive force. Each of the Defendants participated and assisted the other in the use of force.

61. The defendants were at this time performing their duties as officers for Defendant County of San Diego.

62.     During the relevant period, Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and the County of San Diego.

63.     Defendants knew that their conduct was clearly illegal.

64.     Defendants, separately and in concert, engaged in the illegal conduct to the injury of the plaintiff, and deprived plaintiff of the rights, privileges and immunities secured to Plaintiff by the Fourth Amendment to the Constitution and the laws of the United States.

65.     Plaintiff was subjected to humiliation, fear, physical injury, and pain and suffering by the illegal acts of defendants and is entitled to attorney fees and punitive damages.

## IV.
## SECOND CAUSE OF ACTION
**[Civil Rights Action (42 U.S.C. § 1983)
For Failure to Properly Train Against Defendants
SAN DIEGO, GORE and BARNETT]**

66.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

67.     COUNTY OF SAN DIEGO, GORE and BARNETT, as a matter of custom, practice and policy, failed to maintain adequate and proper training for deputy sheriffs in the department necessary to educate the officers as to the Constitutional rights of citizens and arrestees; and to prevent the unreasonable and/or unnecessary use of force on citizens.

68.     Defendants failed to provide adequate training to deputy officers that held the power, authority, insignia, equipment and arms entrusted to them.  Defendants failed to promulgate and enforce adequate policies and procedures related to police misconduct, the violation of citizens' civil rights by deputy sheriffs, and harassment and assault.

69.     Defendant Barnett was a lieutenant and the supervisor of the individual defendants.  Barnett failed to properly train his subordinates with respect to the use of force.

70.     Therefore, these Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

71.     The failure to promulgate or maintain Constitutionally adequate training was done with deliberate indifference to the rights of Plaintiff and others in their position.

72.     The constitutionally infirm lack of adequate training as to the officers in this case caused Plaintiff's damages.

73.     As a result of Defendants actions, Plaintiff suffered damages in the amount to be proven at trial.

## V.
## THIRD CAUSE OF ACTION
### Civil Rights Action (42 U.S.C. § 1983) For Failure to Supervise and Discipline Against Defendants
### COUNTY OF SAN DIEGO, GORE, DONAHUE and BARNETT

74.     Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

75.     COUNTY OF SAN DIEGO, GORE, DONAHUE and BARNETT, as a matter of custom, practice and policy, failed to supervise deputy officers in the department to prevent, deter and punish wrongful arrests and detentions.

76.     COUNTY OF SAN DIEGO, GORE, DONAHUE and BARNETT, as a matter of custom, practice and policy, failed to discipline deputy officers in the department to prevent, deter and punish wrongful arrests and detentions.

77.     Defendants had knowledge of prior incidents of misconduct and civil rights violations by other deputies involving similar facts.

78.     Defendants had knowledge of prior incidents of misconduct and civil rights violations by the same deputies.

79.     Defendants were, or should have been, aware that the policy regarding supervision and discipline of officers who violated the civil rights of the citizens was so inadequate that it was obvious that a failure to correct it would result in further incidents by its deputies.

80.     The Constitutionally deficient investigation and lack of discipline was done with deliberate indifference to the rights of Plaintiff and others in his position.

81.     The lack of adequate supervision and discipline  caused Plaintiff's damages

82. As a result of Defendants actions, Plaintiff suffered damages in the amount to be proven at trial.

## VI.
## FOURTH CAUSE OF ACTION
### Civil Rights Action (42 U.S.C. § 1983) For Failure to Properly Investigate Citizen Complaints Against Defendants
### COUNTY OF SAN DIEGO, GORE, DONAHUE and BARNETT

83. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein.

84. COUNTY OF SAN DIEGO, GORE, DONAHUE and BARNETT, as a matter of custom, practice and policy, failed to properly investigate citizen complaints against deputies to prevent, deter and punish unnecessary and excessive use of force.

85. Defendants had knowledge of prior incidents of misconduct and civil rights violations by other deputies involving similar facts.

86. Defendants had knowledge of prior incidents of misconduct and civil rights violations by the same deputies.

87. Defendants covered up the misconduct of the deputies when citizens filed complaints against them.

88. Defendants failed to investigate the claims of wrongful conduct when citizens filed complaints against deputies.

89. Defendants were, or should have been, aware that the policy regarding the investigation of officers who violated the civil rights of the citizens was so inadequate that it was obvious that a failure to correct it would result in further incidents by its deputies.

90. The Constitutionally deficient investigation was done with deliberate indifference to the rights of Plaintiff and others in his position.

91. The lack of adequate investigation caused Plaintiff's damages.

92. As a result of Defendants actions, Plaintiff suffered damages in the amount to be proven at trial.

**VII.**
**FIFTH CAUSE OF ACTION**
**(Monell Municipal Liability Civil Rights Action (42 U.S.C. § 1983)**
**Against Defendant COUNTY OF SAN DIEGO)**
**Inadequate System of Supervising, Reviewing Citizen Complaints and Disciplining**

93. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

94. San Diego deputy sheriffs, acting under color of law, have subjected Plaintiff and other persons similarly situated to a pattern of conduct consisting of assault, battery, intentional and negligent infliction of emotional distress, the use of excessive force, the imposition of punishment without due process of law, in denial of rights, privileges and immunities guaranteed Plaintiff and other residents of the state of California by the Constitution of the United States.

95. Defendant County of San Diego systematically failed to investigate claims of misconduct or to discipline wrongdoers after citizens made complaints related to its deputies.

96. The deficiencies in the complaint process encouraged additional misconduct or excessive force violations.

97. Defendant was aware of the complaints against the individual defendants.

98. Defendant failed to properly investigate citizen complaints.

99. This systematic inadequacies permitted serious misconduct of its deputies to go unchecked.

100. Continued official tolerance of repeated misconduct facilitated similar unlawful actions to occur.

101. The failure to institute an adequate system to receive, investigate, and resolve citizen complaints against deputies amounts to a policy of deliberate indifference to the need for police supervision.

102. San Diego County's complete failure to maintain an adequate system of disciplining officers who act unconstitutionally represents a policy for which the County is responsible.

103. The County's policy caused or was a substantial factor in plaintiff's injuries.

104. Defendant created a climate of lawlessness engendered by non-supervision.

105. Due to this *de facto* policy, the defendant deputies committed assault and battery upon arrestees without any fear of consequences.

106. Defendant County of San Diego knew or should have known of the risks posed by the Department's *de facto* policies.

107. During the relevant period defendant police officers, Doe 1 through 20, were acting pursuant the unwritten but *de facto* policy of Defendant County of San Diego.

108. The unlawful and illegal conduct of Defendant, its agents, servants and employees and each of them, deprived Plaintiff of the rights, privileges and immunities secured to him by the Constitutions of the United States and of the State of California.

109. Defendant had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

110. By engaging in the acts alleged herein, Defendant failed to act with ordinary care and breached its duty of care owed to Plaintiff.

111. As a direct, proximate and foreseeable result of Defendant's breach of its duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

WHEREFORE, Plaintiff prays as follows:

1. For general and special damages according to proof at the time of trial;

2. For punitive damages;

3. For costs of suit and interest incurred herein;

4. For an award of attorney's fees;

5. For punitive damages; and

6. Any further injunctive or declaratory relief this court deems just and proper, including an injunction requiring the institution proper training procedures, and appropriate supervision and discipline procedures.

| | |
|---|---|
| DATED: March 12, 2012 | Respectfully submitted, |
| | /s/ Julia Yoo |
| | Eugene G. Iredale |
| | Julia Yoo |
| | Attorneys for Plaintiff |
| | LEE LACY |

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lee Lacy

**DEFENDANTS**
ELIZABETH PALMER, et al.

(b) County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Julia Yoo, Iredale and Yoo, APC (619) 233-1525
105 West F St. 4th Floor, San Diego, CA 92101

Attorneys (If Known)
**'12CV0624 MMAJMA**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
excessive force, failure to train, failure to supervise, failure to investigate, Monell

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 1,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 03/12/2012
SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____